UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ASKO PROCESSING, INC., a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>KIBBLE & PRENTICE HOLDING COMPANY, a Washington company; and CITIZENS INSURANCE COMPANY OF AMERICA, a foreign company,<br><br>Defendant. | Case No. C17-1393 RSM<br><br>ORDER GRANTING MOTIONS TO AMEND ANSWER AND MOTION TO COMPEL |

This matter comes before the Court on Defendant Citizens Insurance Company of America ("Citizens")'s Motion to Amend Answer (Dkt. #32), and Motion to Compel (Dkt. #17). Plaintiff Asko Processing, Inc. ("Asko") opposes these Motions. Dkts. #34 and #20. For the reasons set forth below, the Court GRANTS both of Citizens' Motions.

## I. BACKGROUND

The background facts of this case have recently been set forth it the Court's Order denying summary judgment (Dkt. #42), and are incorporated by reference.

Asko originally filed this suit in King County Superior Court on September 29, 2016, against Defendants Citizens and Kibble & Prentice Holding Company ("Kibble"). Dkt. #9-1 at

ORDER GRANTING MOTION TO AMEND ANSWER AND GRANTING MOTION TO COMPEL - 1

2. After Asko amended its Complaint, Citizens filed an Answer on March 7, 2017. Dkt. #9-1 at 106–110. Citizens asserted several affirmative defenses, but did not assert the affirmative defense of offset. *Id.* The parties conducted substantial discovery. On July 20, 2017, Asko attended a mediation with Defendants, where it settled with Kibble only. Dkt. #35 at 2. Trial in state court was set for November 13, 2017. *Id.* The parties held a discovery conference on September 5, 2017, where counsel discussed Citizens' position on "the offset issue," including that Citizens believed it "was entitled to offset the settlement sum in the event Citizens was found liable to Asko." Dkt. #33 at 2.

Citizens removed to this Court on September 15, 2017. Dkt. #1. On October 26, 2017, Asko and Citizens each filed a Motion for Summary Judgment. Dkts. #12 and #15. These Motions were recently denied by the Court.

On November 8, 2017, the parties filed a Joint Status Report that did not mention amending Citizens' Answer. Dkt. #19 at 6 ("Defendant's Proposed Schedule… Deadline for amending pleadings NA"). On November 14, 2017, the Court entered a Scheduling Order with a due date for amended pleadings of December 12, 2017. Dkt. #26. On November 22, 2017, Citizens filed the instant Motion.

## II. DISCUSSION

### A. Legal Standard to Amend

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether

ORDER GRANTING MOTION TO AMEND ANSWER AND GRANTING MOTION TO COMPEL - 2

plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

### B. Citizens' Motion to Amend Answer

Citizens seeks leave to amend their Answer to add the affirmative defense of "offset." Dkt. #32 at 1; Dkt. #33-1 at 5 ("To the extent any judgment is entered against Citizens, the amount of the judgment will be offset and reduced by any amount Plaintiff has received in settlement from former Defendant Kibble & Prentice."). This is the only change. This defense is necessary "in order to prevent double recovery and to preclude Citizens from being required to pay damages which are attributable to Kibble's conduct." Dkt. #32 at 4–5. Citizens' Motion walks through the above factors the Court is to consider. First, Citizens argues its Motion is not in bad faith because "the affirmative defense has a basis in fact, and is not being interjected for an improper purpose such as delay." *Id.* at 5. There is no undue delay, according to Citizens, because "Citizens' potential right to offset Kibble's settlement payment arose when Kibble settled the case on July 20, 2017," and because Citizens raised the issue promptly with Asko in the September discovery conference. *Id.* Citizens points out that this Motion is timely under the Court's Scheduling Order. *Id.* Citizens contends that Asko will suffer no undue prejudice and that this proposed amendment is not futile. *Id.* at 6.

ORDER GRANTING MOTION TO AMEND ANSWER AND GRANTING MOTION TO COMPEL - 3

Asko argues there is undue delay if the Court considers the state court procedural history. Specifically, Asko states that "Citizens never asserted offset as an affirmative defense to any of Asko's complaints, nor did it seek to amend its answer to do so, until after Asko settled with K&P," that "Citizens also never mentioned offset in response to a discovery request from Asko specifically asking it to describe its affirmative defenses, and that "four months passed since the settlement with K&P before Citizens took any steps to amend its answer." Dkt. #34 at 6. Asko argues there is undue prejudice because it settled its claims against Kibble "with the understanding that damages would no longer be in dispute because Citizens had never presented any expert witness to address damages… and had never at any time asserted offset as an affirmative defense either in its answer or in response to discovery requests…" Dkt. #34 at 5. Asko argues futility because Citizens' right to offset as an insurer only applies if the total damages available to Asko under the made whole doctrine is less than the $990,000 sought in the instant case plus the settlement amount, or in other words "[i]f the K&P settlement was for anything less than $2,970,425, then Asko can never be made whole for its entire BI loss [calculated by Asko as $4,160,425]." *Id.* at 7–8 (citing *Hall v. Encompass Ins. Co. of America*, 2015 WL 5562221, *4 (W.D. Wash. Sept. 21, 2015); Dkt. #21, Ex. A at 68:14-23 and Ex. 133).

In Reply, Citizens argues that "[t]he right to potentially offset a codefendant's settlement payment only arises after that codefendant enters a settlement agreement with the plaintiff." Dkt. #36 at 2. Citizens argues that Asko will "not truly suffer any real prejudice" because: a) "[n]othing suggests Asko's settlement with Kibble was premised upon or dependent on the fact Citizens had not pled offset as an affirmative defense; b) "Asko was or should have been well aware at the time of mediation that Rule 15 liberally allows amendments to the

ORDER GRANTING MOTION TO AMEND ANSWER AND GRANTING MOTION TO COMPEL - 4

pleadings;" and c) "Citizens' proposed amendment will not substantially alter the nature of this litigation" by "require[ing] new discovery that is not already required to be performed in order to prepare for trial." *Id.* at 3–4. Citizens argues that Asko's futility argument is premised on disputed facts, from the amount of the settlement with Kibble to the total loss figure of $4,160,425. *Id.* at 5–6.

The Court finds no evidence of bad faith, other than evidence that Citizens has delayed in filing this Motion. The Court agrees that this Motion should have been brought earlier. However, the delay is not alone dispositive given the liberal standard for amendment and the fact that Citizens filed the instant Motion prior to the Court's deadline. The Court finds that Asko has otherwise failed to present sufficient evidence of prejudice or futility or any other basis for denying this Motion, as is its burden. Although Asko may have assumed that offset would not be argued by Citizens when it settled with Kibble, such an assumption was faulty. Citizens is also correct that this proposed amendment will not substantially alter the nature of this litigation. Asko's futility argument is premised on facts in dispute, and the Court will not decide these questions of fact now. Asko has not otherwise met the high burden of demonstrating futility.

Asko also argues that Citizens has waived this affirmative defense by failing to plead it initially. Dkt. #34 at 5 – 6 (citing *Morrison v. Mahoney*, 399 F.3d 1042, 1046 (9th Cir. 2005)). To be sure, offset is an affirmative defense to be pled in the answer. *See Locke v. City of Seattle*, 133 Wn. App. 696, 137 P.3d 52, 61 (Wash. Ct. App. 2006). Although Rule 8 requires affirmative defenses to be included in responsive pleadings, absent prejudice to the plaintiff, the district court has discretion to allow a defendant to plead an affirmative defense in a subsequent motion. *See Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th

ORDER GRANTING MOTION TO AMEND ANSWER AND GRANTING MOTION TO COMPEL - 5

Cir. 2001); *Ledo Fin. Corp. v. Summers*, 122 F.3d 825, 827 (9th Cir. 1997); *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984). Asko does not address this line of Ninth Circuit case law. Given all of the above, and especially Asko's inability to show prejudice, the Court will grant Citizens' Motion.

### C. Legal Standard for a Motion to Compel

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

### D. Citizens' Motion to Compel

Citizens seeks to compel Asko to responsd to discovery requests seeking the amount Kibble paid to settle Asko's claim against it, and for a copy of the settlement agreement itself. Dkt. #17 at 3. Citizens argues that this is relevant to determine the amount of damages Citizens may owe Asko in the event of liability and to Citizens' right to offset Kibble's settlement payment against Asko's damages to prevent double recovery. *Id*. Citizens also argues that this discovery may be used for impeachment purposes or to show bias. *Id*.

In Response, "Asko does not dispute that settlement agreements may be discoverable in some cases; however, they must first be deemed relevant under the Civil Rules." Dkt. #20 at 8

ORDER GRANTING MOTION TO AMEND ANSWER AND GRANTING MOTION TO COMPEL - 6

(citing *Microsoft Corp. v. Immersion Corp.*, 2008 WL 11343462 (W.D. Wash. March 24, 2008)). Asko denies relevance because "[e]ven if Citizens pays the full amount of contractual damages sought by Asko ($990,000 sought in this case, plus $200,000 previously paid), Citizens still would not be entitled to an offset of any portion of the Asko-K&P settlement because the total of Citizens' contractual liability plus the amount of the Asko-K&P settlement is not enough to make Asko whole for its insured and uninsured BI losses arising out of the fire." Dkt. #20 at 5. This is the same futility argument as above. Asko again argues that Citizens has waived the affirmative defense of offset by not pleading it previously. *Id*. Asko addresses the impeachment and bias arguments. *Id*. at 10–12.

The Court has already ruled that Citizens may amend its Answer to include offset. The Court again finds that Asko cannot demonstrate that an offset argument is futile due to questions of fact, and finds that this discovery is relevant to Citizens' offset defense. Because the requested discovery is relevant to at least one issue in this case, the Court need not address whether it could also be relevant for impeachment or to show bias. Asko has failed to show that this discovery is privileged or not proportional to the needs of this case. Accordingly, Citizens' Motion to Compel will be granted.

### III. CONCLUSION

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1) Citizens' Motion to Amend Answer (Dkt #32) is GRANTED.

2) Citizens shall file and serve its Proposed Amended Answer (Dkt. #33-1) **within ten (10) days of this Order**.

3) Citizens' Motion to Compel (Dkt. #17) is GRANTED.  Asko shall produce the requested discovery **within fourteen (14) days of this Order**.

DATED this 12 day of February, 2018.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO AMEND ANSWER AND GRANTING MOTION TO COMPEL - 8